**Hugo Fernando SHANKS–CARRERA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 89 CV 2211.**

United States District Court, E.D. New York.

Jan. 24, 1990.

Kenneth A. Paul, New York City, for petitioner.

Sean F. O'Shea, Asst. U.S. Atty. (Andrew J. Maloney, U.S. Atty., E.D.N.Y.), for respondent.

McLAUGHLIN, District Judge.

Petitioner moves pursuant to 28 U.S.C. § 2255 for a reversal of conviction. For the reasons set forth below, the motion is denied.

## FACTS

Petitioner was convicted on February 27, 1987, following a jury trial, of one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). On May 1, 1987, petitioner was sentenced to a six-year term of imprisonment, a ten-year term of special parole and a $50 assessment. On October 27, 1988, this Court denied petitioner's motion pursuant to Fed.R.Crim.P. 35. On July 18, 1989 this Court also denied petitioner's motion pursuant to 28 U.S.C. § 2255 for an order vacating that part of his sentence that provides for a ten-year term of special parole.

Petitioner now seeks reversal of his conviction in a renewed motion for a writ of habeas corpus based upon the Supreme Court's decision in *Gomez v. United States,* — U.S. ——, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989). As fate would have it, petitioner was one of the original *Gomez* defendants at trial. Unhappily for the defendant, however, he was the only one who never objected to the magistrate's selecting the jury. This failure to object or other-

wise preserve the question for appellate review is fatal to his application.

### DISCUSSION

The Federal Magistrates Act, enacted in 1968, permits district courts to assign magistrates certain described powers and duties, as well as "such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). In *Gomez v. United States,* —— U.S. ——, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989), "the principal question presented is whether presiding at the selection of a jury in a felony trial without defendant's consent is among those 'additional duties.'" *Id.* 108 S.Ct. at 2239. The Supreme Court held it was not.

The operative facts of *Gomez* involved defendants who objected both before the magistrate and then, again, before the district court. The *Gomez* Court did not address the waiver issue, i.e., what happens with defendants whose jury was selected by a magistrate but who did not object or raise the issue before the district court, or otherwise preserve the issue for appellate review.

In a recent opinion, *United States v. Mang Sun Wong,* 884 F.2d 1537 (2d Cir. 1989), the Second Circuit re-examined magistrate *voir dire* on petition for rehearing based upon the *Gomez* decision. The defendant argued that the Supreme Court's decision in *Gomez* precluded affirming his conviction on the basis that he consented to the magistrates's conduct of the *voir dire.* The Second Circuit disagreed noting, "[T]he Supreme Court limits its ruling to the situation in which a magistrate selects a jury 'despite the defendants' objection.'" *Wong,* 884 F.2d at 1545.

The *Wong* Court also added that "the [Supreme] Court was fully aware of cases, including *United States v. DeFiore,* 720 F.2d 757, 764–65 (2d Cir.1983), *cert. denied,* 466 U.S. 906, 104 S.Ct. 1684, 80 L.Ed.2d 158 (1984), in which affirmance of a felony conviction was premised upon a defendant's failure to object to the selection of the jury by a magistrate." *Wong,* 884 F.2d at 1545. In *Wong* the Second Circuit explicitly decided—in light of *Gomez*—to defer to *DeFiore* unless overruled by the Supreme Court or the Second Circuit *en banc. Id.* at n. 2.

Since *Wong,* the Second Circuit has unequivocally reaffirmed this position, stating:

> We denied Wong's petition for rehearing, concluding that because he had not only failed to object but had explicitly consented to the magistrate's selection of the jury, reversal was not required. Similarly, in this case, there was no objection to the magistrate's selecting the jury. Given this failure to object, we conclude that jury selection by the magistrate does not necessitate the reversal of the appellants' convictions here.

*United States v. Vanwort,* 887 F.2d 375, 382–383 (2d Cir.1989); *see also United States v. Alvarado,* 891 F.2d 439, 440 (2d Cir.1989). Accordingly, petitioner's motion for a writ of habeas corpus must be denied.

### CONCLUSION

The motion pursuant to 28 U.S.C. § 2255 must be, and hereby is, denied.

SO ORDERED.